UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>JULIO VILLEGAS-MARTINEZ,<br><br>   Defendant. | CASE NO.   07-31M<br><br>DETENTION ORDER |

Offenses charged:

  Count I:  Possession with Intent to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(D), and Title 18, U.S.C., Section 2;

  Count II:  Conspiracy to Distribute Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A) and 846.

Date of Detention Hearing: January 26, 2007.

  The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety

of any other person and the community.  The Government was represented by Susan Roe. The defendant was represented by Lee Covell.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the crime of possession with intent to distribute marijuana and conspiracy to distribute Cocaine.  The defendant faces a maximum penalty for at least one count where the term of imprisonment is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons.  Under Title 18 § 3142 (g), the Court considered the following:

(a) The nature and circumstances of the offenses charged allege that through the use of a cooperating defendant, the defendant agreed to deliver cocaine in January, 2007.  The alleged conspiracy involves moving controlled substances and marijuana across state lines along with large amounts of U.S. currency.

(b) The weight of the evidence includes federal agents' execution of a warrant for a vehicle in which the defendant occupied at the time of arrest.  Inside they found approximately $50,000.  An additional $100,000 and eighty pounds of marijuana were found at the residence associated with the defendant.  The residence is the same one where the cooperating defendant previously purchased cocaine.

|   |   |   |
|---|---|---|
| 1 | (c) | The defendant's criminal includes a history of failure to appear in |
| 2 | | Yakima, Washington, which is significant to this case.  He also |
| 3 | | has two active warrants.  The defendant has unexplained wealth |
| 4 | | and no known legitimate means of employment.  He is part of a |
| 5 | | family whose members have convictions for delivery of cocaine in |
| 6 | | the city of Yakima.  The Court is unpersuaded in that posting a |
| 7 | | property bond as proffered through the defendant's mother would |
| 8 | | assure the defendant's presence at court hearings. |
| 9 | (d) | Risk of danger to the community is inherent in a drug conspiracy. |
| 10 | | Ninth Circuit case law supports this finding as does the evidence |
| 11 | | seized by warrant. |

Based upon the foregoing information, which is consistent with the recommendation of U.S. Pre-trial Services, there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court

proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of January, 2007.

                       /s/ M.J. Benton
                       MONICA J. BENTON
                       United States Magistrate Judge

DETENTION ORDER
PAGE -4-